```
            UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION


ANTHONY GOODEN,                 :
                                :   NO: 1:02-CV-00444
                                :
        Plaintiff,              :
                                :   ORDER
                                :
    v.                          :
                                :
                                :
DANIEL ADAMS, et al.,           :
                                :
                                :
        Defendants.             :
```

On June 18, 2002, Plaintiff Anthony Gooden ("Gooden"), an Ohio prisoner proceeding <u>pro se</u>, filed the instant case against various officials of the Southern Ohio Correctional Facility ("SOCF"), raising claims based on events allegedly occurring while he was incarcerated there. In particular, Gooden alleges that he suffered unjustified and excessive force at the hands of various SOCF employees and that he was denied proper medical care for his injuries arising therefrom. In an August 28, 2002 Order, this Court dismissed a number of claims and defendants as a result of Gooden's failure to exhaust various administrative remedies pursuant to Ohio Administrative Code 5120-9-31 or for failure to state a valid claim upon which relief could be granted (doc. 6). As a result, the only claim remaining was Gooden's excessive force claim levied against defendants Dave

Moore and Daniel Adams.

On November 29, 2002, Magistrate Judge Hogan issued an Order <u>sua sponte</u> requiring Gooden to show cause within twenty days why all claims against Moore should not be dismissed for failure to serve him with a copy of the Complaint (doc. 15). Having received no response from the Plaintiff, Magistrate Judge Hogan issued a second show cause order <u>sua sponte</u> on April 29, 2003, demanding Gooden demonstrate in writing within fifteen days why his entire Complaint should not be dismissed for failure to obey a court order and for lack of prosecution (doc. 19). Gooden again failed to respond. Accordingly, on May 28, 2003, Magistrate Judge Hogan issued a Report and Recommendation recommending that all of Gooden's claims be dismissed with prejudice for lack of prosecution and that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certify that any subsequent appeal could not be taken in good faith (doc. 20). Plaintiff failed to file any objections to the Report and Recommendation.

All of the Magistrate Judge's orders were well taken. Fed. R. Civ. P 4(m) expressly requires that a defendant be served with a "summons...together with a copy of the complaint" within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(c)(1), (m). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999). Without proper

service of process, this Court lacks jurisdiction over a defendant.  See id.  Furthermore, Plaintiff's failure to respond to the Magistrate Judge's show cause orders patently warrants dismissal for lack of prosecution.  See Carlisle v. U.S., 517 U.S. 416, 426, 438 n.2 (1996); Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962).

In sum, the Court finds the Magistrate Judge's Report and Recommendation well reasoned and proper.  Accordingly, the Report and Recommendation (doc. 20) is ADOPTED in its entirety.  Plaintiff's Complaint is DISMISSED WITH PREJUDICE.  The Clerk shall close this action and remove it from the Court's docket.

The Court certifies that any appeal of this Order may not be taken in good faith.  See 28 U.S.C. § 1915(a).  Plaintiff is therefore denied leave by this Court to appeal this Order in forma pauperis.

SO ORDERED.

Dated: September 16, 2003      /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge